In the Matter of NEW YORK MAIL AND NEWSPAPER TRANSPORTATION COMPANY, Appellant, against STATE TAX COMMISSION et al., Respondents, and CITY OF NEW YORK, Intervenor-Respondent. — Appeal by the petitioner from an order of the Special Term, Supreme Court, Albany County which dismissed its petition in a proceeding to review a special franchise assessment. The petitioner was the owner of a system of pneumatic tubes located in the streets of Manhattan, through which steel containers containing United States mail were sent to various branch post offices. The petitioner leased this system to the United States Government under written agreements, for fixed terms. The last agreement was for a term of 10 years, expiring on December 31, 1960. On December 29, 1953, the Postmaster of the United States notified the petitioner that the Government considered the lease null and void and that it was canceling the contract and would no longer use the petitioner's facilities. On January 7, 1954, the petitioner protested this action and advised the Postmaster that, if his action was not rescinded by January 22, 1954, it would declare the contract terminated and would seek to recover damages for the Government's breach of contract. Having received no response to this letter, the petitioner, on January 23, 1954, again wrote the Postmaster advising him that it was terminating the contract on account of the Government's breach. On February 3, 1954, the petitioner wrote the Postmaster asking him whether he would agree to allow the petitioner's property to remain on the Government premises if the system were leased to another user, but he declined to allow this. Thereafter, the petitioner caused all its equipment to be removed from the Government property. It made efforts to 'find a purchaser or user for the disconnected tubes which remained in the streets, which were the basis of the special franchise assessment, but these efforts were unsuccessful. The estimated salvage value of the tubes was much less than the cost of removing them. On April 30, the petitioner abandoned the tubes and other property in the streets and notified the Mayor of its action. Under the Charter of the City of New York, January 25 of each year is fixed as the date for determining the taxable status of real property situated in the city of New York. The Special Term held that the petitioner had failed to show that its property in the streets of New York had no value on January 25, 1954, and it therefore confirmed the assessment. We are constrained to disagree with the conclusion of the Special Term. On January 25, the termination of the contract had become final and irrevocable. There was still an outstanding hope of finding some new use for the equipment but this was nothing more than a hope and it turned out to be a vain one. While the value of the property had to be determined as of January 25, evidence of the events which took place after that date was entitled to consideration as throwing light upon the actual value of the property as of January 25. In the light of that evidence, it is clear that the property had no value on that date, whatever mistaken beliefs or hopes may have been entertained with respect thereto. Order reversed and determination annulled, with $50 costs. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.